NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4739
_____

ERIC VIOLA, Police Officer,

Appellant

v.

BOROUGH OF THROOP; TOM LUKASEWICZ,
Individually and as Council President; STANLEY
LUKOWSKI, Individually and as Mayor; NEIL FURIOSI,
Individually and as Chief of Police; TONY CHAZAN,
Individually and as Council President
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 06-cv-1930)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
September 22, 2011
_____

Before: FISHER, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed: December 13, 2011)
_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

1

Eric Viola brings his civil rights action before us for the second time. In our first opinion, we affirmed the District Court's decision granting summary judgment to the defendants[1] on Viola's First Amendment claim, but remanded for further proceedings on his due process claim. On remand, ruling on cross-motions seeking summary judgment, the District Court granted summary judgment in favor of Defendants on Viola's due process claim. We will affirm the District Court's decision.

## I. Background Facts

We write primarily for the benefit of the parties and recount only the essential facts. Viola, a police officer with the Borough of Throop, was suspended, with pay, effective June 9, 2006.[2] Following a hearing on July 11, 2006, Viola was suspended for 10 days, without pay. He sought redress for these suspensions through litigation.

---

[1] Defendants are the Borough of Throop, Tom Lukasewicz, Stanley Lukowski, Neil Furiosi, and Tony Chazan (collectively, "Defendants").

[2] Counsel insists that Viola's initial suspension was without pay. This claim is without foundation. (See, e.g., Appellant's Br. 10 ("Here, there is no dispute Viola was suspended without pay . . . The fact that Throop ended up reversing its decision, does not wipe away the fact that the original suspension was without pay.").) The record is clear — the suspension initiated by the June 9, 2006 letter was with pay. (Letter from Mayor Stanley Lukowski and Council President Thomas J. Lukasewicz to Officer Eric Viola (June 9, 2006), attached as exhibit 30B6G to Defendants' Statement of Material Facts as to Which No Genuine Issue Remains to be Tried ("The purpose of this correspondence is to notify you that you are hereby suspended with pay, effective immediately, from the Throop Police Department for neglect or violation of an official duty.").) An administrative error — deducting sick leave — subsequently corrected, does not convert that suspension with pay to one without pay. More important, it does not create a constitutional violation.

2

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction, pursuant to 28 U.S.C. § 1331.  We have jurisdiction, pursuant to 28 U.S.C. § 1291.

We review the District Court's order granting summary judgment de novo. <u>Azur v. Chase Bank, USA, Nat'l Ass'n</u>, 601 F.3d 212, 216 (3d Cir. 2010).  "To that end, we are required to apply the same test the district court should have utilized initially."  <u>Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ.</u>, 587 F.3d 176, 181 (3d Cir. 2009) (internal quotation marks omitted).  Further, "[w]e may affirm the District Court's order granting summary judgment on any grounds supported by the record."  <u>Nicini v. Morra</u>, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

## III.  Analysis

On remand,[3] the District Court followed our instructions, analyzed Viola's due process claim in light of our decision in <u>Dee v. Borough of Dunmore</u>, 549 F.3d 225 (3d Cir. 2008), and applied the factors set forth in <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1976). The District Court's opinion is thorough and well-reasoned.  There is no due process violation here.

---

[3] Contrary to Viola's position before this Court, our prior decision returned the summary judgment motion to the District Court for additional analysis.  <u>See</u> 18B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, §4478.3 (2d ed.) ("[I]t is the court of appeals that has authority to determine what it meant [in its remand decision].")  Viola's argument that no motion filed by the Defendants was pending before the District Court is without merit.

## IV. Conclusion

We will affirm the decision of the District Court.